UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| SUNDOG INTERACTIVE, INC. a/k/a SUNDOG, <br><br>         Plaintiff, <br><br> v. <br><br> SUNDOG STUDIOS, <br><br>         Defendant. | Civil No. 4:13-cv-00196 |

## COMPLAINT AND JURY DEMAND

Plaintiff Sundog Interactive, Inc. a/k/a Sundog ("**Sundog**") for its Complaint against Defendant, Sundog Studios, states and alleges as follows:

### THE PARTIES

1.      Sundog is a North Dakota corporation with its principal place of business located at 2000 44th St. SW, Fargo, North Dakota. Sundog is a marketing and technology company with locations in Denver, Fargo, and Minneapolis. It offers marketing, advertising agency, video production, graphic design, social media, campaign management, lead management and marketing automation services to its clients.

2.      Upon information and belief, Defendant is an Iowa corporation with its principal place of business in Des Moines, Iowa. Upon information and belief, Defendant is offers advertising, photography, creative services, concept design, direct marketing programs, marketing communications, and print design services to its clients.

3.     Sundog brings this lawsuit because of Defendant's wrongful attempt to mislead Sundog's target audience by capitalizing on Sundog's valuable trademark rights.

## JURISDICTION AND VENUE

4.     This is an action for trademark infringement and unfair competition arising under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq*. and the common law.

5.     This Court has subject matter jurisdiction over Sundog's claims under 15 U.S.C. §§ 1116, 1121 and 28 U.S.C. §§ 1331, 1338 (a)-(b), 1367.

6.     This court has personal jurisdiction over Defendant in that Defendant does business and resides in the State of Iowa and in this District.

7.     Venue is proper under 28 U.S.C. § 1391(b)-(c).

## SUNDOG'S TRADEMARK RIGHTS

8.     Sundog has continuously and prominently used the term SUNDOG® in interstate commerce in connection with advertising services, including photography, design and related services, since at least December 1995.

9.     Sundog owns United States Trademark Registration No. 4,014,302 for the word mark SUNDOG® for use with advertising services.  This registration is valid and subsisting.

10.     Sundog has invested substantial resources to develop brand equity, public recognition, and goodwill in the SUNDOG® mark.

11.     As a result of these efforts, Sundog's target audience of businesses and other advertisers, associates the SUNDOG® mark with Sundog's marketing, advertising

agency, video production, graphic design, social media, campaign management, lead management and marketing automation services, and the mark is a highly valuable asset representing substantial good will.

## DEFENDANT SUNDOG STUDIOS'S WRONGFUL CONDUCT

12.     Defendant is attempting to trade upon Sundog's success and the good will associated with the SUNDOG® mark.  Defendant is using the name SUNDOG in interstate commerce to market advertising services, including photography, design and related services, to the same audience, namely businesses and other advertisers, targeted by Sundog.  Defendant's website makes clear that Defendant is offering a full range of advertising agency services.

13.     Defendant's actions are intended to and are likely to cause consumers to erroneously believe that Defendant's SUNDOG services are associated with or emanate from Sundog.

14.     Defendant's unauthorized use of the name SUNDOG is infringing Sundog's trademark rights.

15.     Since learning of Defendant's actions, Sundog has demanded that Defendant stop its wrongful and harmful behavior and has given Defendant notice of Sundog's federal registration.   Despite these efforts, Defendant continues to take advantage of the goodwill and quality associated with Sundog's mark and services, and to intentionally confuse the relevant consumers.

16.     By reason of Defendant's actions, Sundog has and will suffer damage to its business, reputation and goodwill, and the loss of sales and profits Sundog would have enjoyed but for Defendant's acts.

17.     Sundog has no adequate remedy at law.  If Defendant's activities are not enjoined, Sundog will continue to suffer irreparable harm and injury to its goodwill and reputation.

<u>COUNT ONE</u>
<u>Trademark Infringement In Violation of Section 32 of the Lanham Act</u>

18.     Sundog realleges all previous paragraphs.

19.     Defendant's conduct described in the foregoing paragraphs constitutes use in commerce of a reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution or advertising of goods or services, which use is likely to cause confusion, or to cause mistake, or to deceive, in violation of the Lanham Act.

20.     Defendant's conduct is causing, and will continue to cause, irreparable harm to Sundog unless it is enjoined by this Court.

21.     On information and belief, Defendant acted deliberately and willfully and with knowledge in attempt to trade upon the goodwill associated with the SUNDOG® mark.

22.     Sundog has suffered damages as a result of Defendant's infringement in an amount to be proven at trial.

## COUNT TWO
## False Designation of Origin In Violation of Section 43(a) of the Lanham Act

23.     Sundog realleges all previous paragraphs.

24.     Defendant has used the mark SUNDOG on services that are of the same nature and type as Sundog's services.  Defendant's use of the mark SUNDOG is likely to cause confusion among Sundog's target audience and existing business clients.

25.     By using the SUNDOG mark, Defendant misrepresents and falsely describes to the business community the origin and source of Defendant's services, and creates a likelihood of confusion in the business community as to both the source and sponsorship of such services.

26.     Defendant's conduct creates express and implied misrepresentations that Defendant's services were created, authorized or approved by Sundog, all to Defendant's profit and Sundog's damage and injury.

27.     Defendant's acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendant's use of the mark SUNDOG in interstate commerce constitutes false designation of origin and unfair competition.

28.     Sundog has no adequate remedy at law.  If Defendant's activities are not enjoined, Sundog will continue to suffer irreparable harm and injury to its goodwill and reputation.

29.     On information and belief, Defendant acted deliberately and willfully in attempt to trade upon the goodwill associated with the SUNDOG® mark.

30.    As a result of Defendant's activities, Sundog has been damaged in an amount to be proven at trial.

## COUNT THREE
## Common Law Trademark Infringement

31.    Sundog realleges all previous paragraphs.

32.    Sundog has built up valuable goodwill in the mark SUNDOG®.

33.    Defendant's unauthorized use of the mark SUNDOG is likely to and does permit Defendant to sell its infringing products to the general public, to the detriment of Sundog and the unjust enrichment of Defendant.  Such acts by Defendant are likely to cause confusion as to the source and/or sponsorship of Defendant's infringing services.

34.    Defendant's acts constitute willful infringement of Sundog's exclusive rights in the SUNDOG® mark, in violation of state common law.

35.    Sundog has suffered damages as a result of Defendant's infringement in an amount to be proven at trial.

36.    Sundog has no adequate remedy at law.  If Defendant's activities are not enjoined, Sundog will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT FOUR
## Unfair Competition

37.    Sundog realleges all previous paragraphs.

38.    Sundog has built up valuable goodwill in the mark SUNDOG®.

39.    Defendant has traded on the goodwill associated with the SUNDOG® mark.  These acts are likely to cause confusion as to the source and/or sponsorship of

Defendant's infringing services.  Therefore, Defendant has committed unfair competition in violation of state common law.

40.     On information and belief, Defendant acted deliberately and willfully in attempt to trade upon the goodwill associated with the SUNDOG® mark.

41.     As a result of Defendant's unfair competition, Sundog has suffered damages in an amount to be proven at trial.

42.     Sundog has no adequate remedy at law.  If Defendant's activities are not enjoined, Sundog will continue to suffer irreparable harm and injury to its goodwill and reputation.

## **JURY DEMAND**

43.     Sundog demands a jury trial.

**WHEREFORE**, Sundog asks the Court to:

1.     Enter judgment in favor of Sundog in an amount to be proven at trial;

2.     Enjoin Defendant and its officers, directors, managing agents and anyone acting in concert with or under the control or direction of Defendant from using the name SUNDOG or any other name that is confusingly similar to the SUNDOG® mark to market or sell advertising services, including photography and design;

3.     Require Defendant to deliver up for destruction or show proof of destruction of any and all products, advertisements, posters, brochures, business cards, letterheads, publications, labels, its website, and any other materials in their possession, custody, or control that depict or reference the SUNDOG mark in connection with advertising services;

4.     Require Defendant to account to Sundog for any and all profits derived by Defendant from the sale of their infringing services, and for all damages sustained by Sundog by reason of Defendant's acts of infringement and unfair competition;

5.     Award Sundog the costs and attorneys' fees incurred in this action;

6.     Award enhanced damages under 15 U.S.C. § 1117(a) because of the willful nature of the infringement; and,

7.     Grant any other relief the Court deems just and equitable.


Dated:  April 29, 2013                          By:   */s/ John H. Moorlach*_____
                                                      John H. Moorlach AT0005484

                                                WHITFIELD & EDDY, P.L.C.
                                                317 Sixth Ave, Ste. 1200
                                                Des Moines, IA 50309
                                                Phone: (515) 288-6041
                                                Fax:  (515) 246-1474
                                                moorlach@whitfieldlaw.com
                                                **AND**
                                                Cynthia A. Moyer (Minn. #211229)
                                                Chelsea Brennan DesAutels
                                                (Minn. #392036)
                                                *Pro Hac Vice Applications To Be Filed*
                                                FREDRIKSON & BYRON, P.A.
                                                200 South Sixth Street, Suite 4000
                                                Minneapolis, MN  55402-1425
                                                Phone: (612) 492-7000
                                                Fax: (612) 492-7077
                                                cmoyer@fredlaw.com
                                                cbrennandesautels@fredlaw.com
                                                **ATTORNEYS FOR PLAINTIFF**
                                                **SUNDOG INTERACTIVE, INC.**